# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO E. MENDEZ,<br><br>        Plaintiff,<br><br>  v.<br><br>JAMES A. YATES, et al.,<br><br>        Defendants. | 1:15-cv-00781-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Guillermo E. Mendez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on May 22, 2015, is currently before the Court for screening. (Doc. 1).

**<u>Screening Requirement</u>**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### **Summary of Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Los Angeles County in Lancaster, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Pleasant Valley State Prison. Plaintiff names Warden James A. Yates and California Governor Brown as defendants.

Plaintiff alleges as follows:

> I arrived at Pleasant Valley State Prison in Coalinga, Calif on May 23, 2006 to Facility A-yard. After 5 year's I contracted "Valley Fever" from soil inside prison, state leader's, prison official's knew prior to construction of prison environmental impact statement soil analysis state's contain's valley fever. Unhealthy for human's if soil's disturbed. The prison was still built sending thousand's of inmate's to this prison including myself. I have this deadly disease for life, taken medication to control spread of it from my lung's to other area's of body! This is cruel and unusual treatment, violating my civil right's. I came to prison to do my time not to get a disease from prison property. Nor was I given the death penalty. This can happen! I'am also asking court to give me an extension form 2-15 to present day.

(Doc. 1 at p. 3) (unedited text). As relief, plaintiff seeks compensatory damages in the amount of $4 million dollars, lifetime medical coverage, funeral expenses upon death, court expenses and

punitive damages. Plaintiff also states that he need an extension from 2-15 to the present due to exhaustion of remedies with appeals exceeding the statute of limitations.

### Discussion

**1. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link Defendants Yates and Brown to any constitutional violation. Plaintiff does not identify any individual defendant in the allegations of his complaint and he does not attribute any specific conduct to the named defendants. If Plaintiff elects to amend his complaint, then he must state what each person did or did not do that caused the alleged violation(s) of his constitutional rights.

**2. Supervisory Liability**

To the extent Plaintiff seeks to hold the Warden and Governor liable based solely upon their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal,* 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is

personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff does not allege that Defendants Yates and Brown were personally involved in any constitutional deprivation. Further, Plaintiff fails to identify any policy sufficient to impose liability against Defendants Yates and Brown. There is no indication that either of these officials were responsible for building of Pleasant Valley State Prison or for Plaintiff's placement there in violation of any constitutional rights.

    **3. Eighth Amendment**

To the extent Plaintiff is attempting to bring suit alleging a violation of his Eighth Amendment rights due to his placement at a prison in an area where Valley Fever is present, he has fails to state a cognizable federal claim. To constitute cruel and unusual punishment in violation of the Eight Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,' " and (2) "the prison official 'acted with deliberate indifference in doing so.' " *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards and excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Until recently, courts in this district have found that mere confinement in a location where Valley Fever is prevalent fails to pose an excessive risk of harm. *Jones v. Hartley*, No. 1:13-cv-01590-AWI-GSA-PC, 2015 WL 1276708, *4 (E.D. Cal. Mar. 19, 2015) ("no courts have found that exposure to valley fever spores at the level experienced by the community at large presents an 'excessive risk' to inmate health"); *Williams v. CDCR*, No. 1:14-cv-01912-JLT (PC), 2015 WL 6669816, at *3 (E.D. Cal. Oct. 29, 2015) ("Unless there is something about a prisoner's conditions of confinement that raise the risk of exposure substantially above the risk experienced by the surrounding community, it cannot be said that the prisoner is forcibly and knowingly exposed to a risk the society would not tolerate to meet the objective component of a claim under the Eighth Amendment."); *Montano v. Adams*, No. 1:15-cv-0452 DLB PC, 2016 WL 310175, at *3 (E.D. Cal. Jan. 26, 2016) (inmate cannot state a claim under the Eighth Amendment based solely on the exposure to and contraction of Valley Fever); *Hines v. Yousseff*, No. 1:13–cv–00357–AWI–JLT, 2015 WL 164215, *5 (E.D. Cal. Jan. 13, 2015) ("Unless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk that society would not tolerate."); *but c.f. Beagle v. Schwarzenegger*, 107 F.Supp.3d 1056, 1068 (E.D. Cal. 2014) (finding that mere exposure to valley fever is sufficient to state a claim); *Jackson v. Davey*, No. 1:14-cv-1311-LJO-MJS (PC), 2015 WL 3402992, at *5 (E.D. Cal. 2015) ("Plaintiff no longer needs to allege particular[ ] susceptibility to Valley Fever; mere exposure is sufficient to state a claim.").

Here, Plaintiff fails to allege facts to indicate that the risk of exposure to Valley Fever at Pleasant Valley State Prison is any higher than the surrounding community. "Unless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk the society would not tolerate." *Hines*, 2015 WL 164215, at *4.  Therefore, merely being confined in an area in which Valley Fever spores are present does not state a claim under the Eighth Amendment.

///

**CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey*, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim upon which relief can be granted;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

3. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

    Dated:   **November 1, 2016**            /s/ *Barbara A. McAuliffe*
                                                                   UNITED STATES MAGISTRATE JUDGE